### No. 124
### RUNNEBAUM v. STATE
Ohio Appeals, 1st Dist., Hamilton. Co.
No. 2948.  Decided Nov. 8, 1926

**744.  MAINTENANCE & SUPPORT**—It is *not incumbent upon the State to prove the property owned by the parent, charged with maintenance of a child under 13008 GC., nor his earning capacity.*

First Publication of this Opinion

BUCHWALTER, P. J.

John Runnebaum was indicted, tried and found guilty on the charge of failing to provide for an illegitimate child under 16 years of age.  The only question raised in the error proceedings is whether or not the State, on record, established the essential elements necessary for conviction, it being claimed that the State failed to prove the defendant was "able, by reason of property, or by labor or earnings, to provide such child with necessary home, food and clothing."

The Court of Appeals held:—

1.  Defendant was prosecuted under 13008 GC. which sets forth what shall constitute the offense and the penalty.

2.  Sec. 13008-1 GC. provides that upon trial for any defense defined in 13008 GC., "the defendant shall be acquitted if it appears that he was, because of lack of property or earnings or inability to secure employment - - - - unable to provide such child - - - - with necessary or proper home, care, food and clothing."

3.  It is not incumbent on the State to prove the property owned by the parent, charged with the maintenance of the child, nor his earning capacity.

4.  It is significant that the former section of the Code known as 13008 GC. which was amended by the present section Mar. 27, 1823, did contain the provision that one charged with maintenance of the child should be able, by reason of property or by labor or earnings, to provide for such child.

5.  In view of the amendment, the ability to provide is made a matter of defense.

6.  No evidence was adduced to show inability to earn sufficient money and the jury was fully warranted in finding him able to provide for said child.

7.  The court charged that the burden was upon the State to satisfy the jurors, beyond a reasonable doubt, of the essential elements outlined, and if the court erred in its charge, it committed error prejudicial to the State and not to Runnebaum.

Judgment affirmed.

(Hamilton & Cushing, JJ., concur.)

Attorneys—Wm. R. Collins for Runnebaum; Chas. S. Bell and Raymond J. Kunkle for State all of Cincinnati.