## SMITH v. STATE.

Ohio Appeals, 4th Dist., Logan Co.

Decided Oct. 29, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**CHILDREN.**
(100 M)  Under 13008 and 13008-1 GC., accused who fails to support child, can avoid conviction only by affirmatively proving inability to support it.  Burden of proof, upon question of ability, is upon accused.

Fact that a number of witnesses testified that they did not have jobs for accused, did not necessarily prove that some one else would not have employed him at some other kind of work.

Eugene Wright, Logan, for Smith.

Phil A. Henderson, Pros. Atty., for State.

HISTORY:—Smith convicted in Common Pleas on charge of failure to support minor child.  Smith brings error.  Judgment affirmed.  No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

William Smith was tried in the Court of Common Pleas of Hocking County under an indictment charging him with failure to provide for his legitimate child from the first day of February, 1928, to April 2, 1928.  He was found guilty and judgment entered upon the verdict.

MAUCK, J.

The offense charged is one defined by Section 13008 GC.  The contention of the plaintiff in error here is that the verdict is in violation of Section 13008-1 GC.  It becomes necessary, therefore, to ascertain what the purpose and effect of this supplementary section is.

The effect of the statute was simply this, that whereas formerly the state had to prove the ability of the accused in order to convict, under the new statute the accused who fails to support his child can only avoid conviction by affirmatively proving his inability to support it.  The change, therefore, simply changed the burden of proof upon the question of the ability of the accused from the state to the accused.

The trial court in the instant case accordingly charged that before the defendant was entitled to an acquittal because of his inability to support his child he must show by the preponderance of the evidence that he was unable to perform his parental duty.  It is thus seen that if this charge is correct, and we hold it to be correct, the only real question before us is whether or not the jury was required to believe the testimony offered by Smith in regard to his inability to support the child.  Smith testified that he had neither property nor earnings.  He offered a number of witnesses who testified that Smith sought employment from these several witnesses and that none of them gave him employment. When all of the testimony is reduced to its lowest terms it amounts to nothing more than that a number of credible witnesses testified that the accused sought work from them and did not find it.  The jury might well have believed all that these witnesses testified to and yet have been persuaded that there was some work some where in this country that an able bodied man might have performed at the time in question.

The jury may have known that there were millions of able bodied men doing humble work and supporting families with the proceeds thereof and may have concluded that the defendant might as well have been engaged in like labor.  The fact that a number of witnesses who testified in this case did not have a job for the accused did not necessarily prove that some one else would not have employed the accused at some other kind of work.  Moreover, the testimony tended to show that the accused was a good worker at a skillful trade, and tended to show that he had not been out of employment for a very long time.  It may have believed that being a good workman he had drawn good wages and with the prudence that should characterize a father had saved those wages, and had as a result resources out of which he could have supported the child as easily as he supported himself during the months of February and March last.  The defendant was only entitled to an acquittal when by the greater weight of the evidence he made it appear that he was unable to provide his child with statutory support.  This means that it had to so appear to the trial jury.  By their verdict that body was not satisfied with the truth of the defense so interposed, and we have no disposition to disturb the conclusion so reached.

(Middleton, PJ., and Thomas, J., concur.)