## RILEY v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No. 1820. Decided October 30, 1929

Mr. Thos. J. Hartley, Columbus, for Riley.

Messrs. John J. Chester, Jr., and Thos. H. Clark, Columbus, for State.

HORNBECK, J.

We are bound, in our consideration, to confine our observation to the record as embodied in the transcript of testimony in the bill of exceptions.

The case which we find on the record and that which counsel presented to us in oral argument and in their briefs is not the same. The legal proposition involved in the latter is interesting but we are without any power to consider it. By inadvertence, no doubt, proof of some of the elements of the offense with which the defendant is charged is not found in the record.

This is a criminal action separate and distinct from any other and though tried in the same court, involving the same issues and affecting the same individuals as any other case, it must be conducted according to the rules of criminal procedure and proof of all facts necessary to conviction must be adduced.

The part of the statute with which we are concerned defines the offense of failing, neglecting or refusing to (1) support, or (2) to contribute to the support of a minor under 18 years of age. It is evident that one may be guilty beyond question of (1) and not guilty of (2). Any substantial contribution toward the support of the minor would defeat the prosecution in (2) and yet might be insufficient to properly support the minors. It is necessary in every instance to prove that the defendant is able to support or contribute to the support of the minor, by reason of property holdings, personal earnings or the ability to earn. Proof of this ability to pay is in all instances a question of fact. Establishment by the defendant of compliance with an existing order of court covering the support of his minor children would, no doubt, be a complete defense; but a failure to comply with this order may not be a violation of the statute because conditions affecting defendant's ability to pay may have changed since the order was made.

The offense charged in the affidavit is a failure of defendant to **contribute to the support** of his minor children and not a failure to **support** them.

The proof shows no order of the court to pay support money for these children although the briefs admit such an order to have been made.

The proof discloses payment toward ,the support of these children in a substantial sum which is sufficient to meet and defeat a charge of **failure to contribute to support**.

The case of the State also fails **in the light of the proof before us** because there is very little, if any, evidence, as to the ability of the defendant to pay any greater sum for the support of his children than he he has already paid. The evidence is to the effect that he has paid all that he is capable of producing.

The question sought to be raised by counsel for plaintiff in error is not in this case, 1st, because the order of the Common Pleas Court, Division of Domestic Relations, complained of, is not before us, 2nd, we cannot say whether or not full compliance with the first order, if in the record, the regularity of which is not disputed, has been made by the defendant.

We presume the incompleteness of the record has arisen because the prosecutor knew that the trial court was thoroughly familiar with all the facts of this case from its inception, and the court took judicial notice of orders that had been made at the time of and subsequent to the hearing of the divorce suit wherein the defendant and Agnes Riley were parties.

When the defendant enters a plea of not guilty in a criminal case he puts the State on strict proof and to depend on judicial notice of proceedings had in another action for necessary and basic facts is not justified. The effect of such action is quite apparent in this proceeding, where the matter upon which the court based its judgment is not brought into the record.

It is said in **16 Corpus Juris, 528:**

"It is a general rule that the court does not in the trial of one case take judicial notice of proceedings had in other cases even though shown by its own records * * *."

**Withaup v. U. S., 127 Fed. 535;**
**Ross vs. People (COL) 162 Pac. 152;**
**State v. Sailing (Ia.) 159 N. W. 255;**
**Nicholson v. State, 106 Pac. 929, 2 Syl.**

As this case may be tried again we suggest the necessity of proof in the record of all fundamentals necessary to conviction. This includes proof that the party is chargeable by law with the care, support, maintenance or education of the minors named in the indictment, i. e., that he is their father. This only appears in the record after the State had rested from the testimony of the defendant; that the children named are minors and that they are under 18 years of age; this does not appear in the record. Proof of the ability of the defendant to support the minors named should appear. We do not pass on the question whether or not the order of the court made several years ago standing alone would be sufficient to carry the presumption of present ability of defendant to support his minor children.

It would seem advisable to charge a failure to support the minor children instead of a failure to contribute to their support for the obvious reason that proof would be much easier.

We are in full sympathy with the courts in effectuating in every legal manner the statutes designed to compel parents to support, care for and educate their minor children but where such delinquency requires a criminal charge, every demand of criminal procedure must be observed.

This case must be reversed for insufficiency of proof of the offense with which the defendant is charged and will be remanded for further proceedings according to law.

Kunkle, PJ., and Allread, J., concur.