THE STATE OF OHIO, APPELLEE, *v.* PRIEST, APPELLANT.

(No. 7301—Decided September 10, 1963.)

*Mr. Earl W. Allison*, prosecuting attorney, and *Mr. Robert N. Wistner*, for appellee.

*Mr. Richard W. Riggs* and *Mr. W. Robinson Watters*, for appellant.

DUFFY, P. J.   The defendant, appellant herein, was charged by an affidavit of nonsupport with the violation of Section 2151.42 of the Revised Code.   After pleading not guilty, his case was heard by the judge and jury, after which a verdict of guilty was rendered by the jury.   At the trial the defendant did not present any evidence.   Upon this conviction the court sentenced the defendant to serve six months in the workhouse and to pay a fine of $500.   The court informed the defendant that it would consider suspension of the sentence if a bond was furnished guaranteeing payment for the support of his two children at the rate of $25 a week for a period of two years.   From

the conviction and the sentence an appeal was taken to this court.

Section 2151.42 of the Revised Code provides in part as follows:

"No person charged with the care, support, maintenance, or education of a legitimate or illegitimate child under eighteen years of age shall fail to care for, support, maintain, or educate such child, or shall abandon such child, or shall beat, neglect, injure, or otherwise ill-treat such child * * *. Each day of such failure, neglect, or refusal shall constitute a separate offense."

The record indicates that the affidavit was filed by the former wife of the defendant, the mother of his two children. She had obtained a divorce from him in an action where the service upon him was by publication. They were married August 15, 1953, and they had two children, Susan, born January 8, 1955, and Cheryl, born February 8, 1956. They were divorced on July 7, 1962, and the care and custody of the children were given to the wife.

The affidavit charged that the defendant failed to contribute toward the support and education of the minor children from June 30, 1962, to January 12, 1963. The mother testified that the father did not support the children during that period, and that the last money she had received from the defendant was $80 in June of 1962. She testified also that the defendant had his brother bring two dresses of an approximate value of $2.98 each to the children for Christmas. There was also testimony that he sent them $5 on their birthday. The Superintendent of the Cashier's Department of the Clerk of the Domestic Relations Court testified that the department received no payments from the defendant, even though an account had been set up and the defendant was to pay a certain sum of money to the mother through that office.

The defendant has made one assignment of error. It is as follows:

"Upon the evidence as shown by the record, the trial court erred as a matter of law in refusing to acquit the defendant and in refusing to instruct the jury to bring in a verdict of 'not guilty.'"

It is the defendant's contention that both parents were

mutually obligated to support their minor children, and unless it were shown that the children were not supported, neither the child nor the state has reason to complain, particularly in a situation such as this where the divorce court of this county had ordered the children into the care, custody, and control of the wife.

While it can not be doubted that both parents have the duty to support and care for their children, Section 2151.42, Revised Code, provides that *no person* charged with the care, support, and maintenance of a child shall fail to care for, support, or maintain such child. The record in this case does not contain any testimony indicating that the defendant did contribute anything other than the two dresses as Christmas presents and $10 as birthday gifts toward the support of these children during the period in question, and the mother testified he did not support them. The record further shows that their mother had to apply for and obtain help from the welfare department in order to care for and maintain these two children.

The defendant contends further that there was no evidence showing that he had the ability to contribute to the support of these children and without such evidence the prosecution's case should fail. The statute does not place upon the prosecution any duty to show the ability of the defendant to support the children. Evidence of inability to support would be a defense to this action.

Based upon the transcript of testimony presented before the judge and jury, we are of the opinion that there is sufficient evidence to show a failure to support by one charged with a duty to support minor children.

The judgment of the trial court is affirmed and the cause remanded.

*Judgment affirmed.*

BRYANT and TROOP, JJ., concur.