THE STATE OF OHIO, APPELLEE, *v.* TURNER, APPELLANT.

[Cite as State v. Turner, 3 Ohio App. 2d 5.]

(No. 5958—Decided July 7, 1965.)

*Mr. Harry Friberg*, prosecuting attorney, and *Miss Alice L. Robie*, for appellee.

*Mr. Loren G. Ishler*, for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment convicting and sentencing the defendant for a violation of Section 3113.01, Revised Code, the defendant having been indicted for wilfully neglecting to provide his mentally

handicapped child, Robert Turner, age 18 years, with necessary food, clothing and shelter.

The defendant assigns as error that:

1. "The provisions of Ohio Revised Code, Section 3113.01, under which the defendant herein was indicted, arraigned, tried and found guilty of is unconstitutional because it does not set forth with specific clarity what is meant by mental handicap, so as to apprise a man of ordinary intelligence, when he may or may not be guilty under the law of the crime charged."

2. "The statute, Ohio Revised Code, Section 3113.01, is unconstitutional, in that the penalty for violation of the statute is indefinite and uncertain and the legislature vested legislative power in the courts to determine punishment—which violates the equal protection of the laws rights and due process of laws rights which the defendant is guaranteed by the Constitution of the United States."

3. "The trial court committed prejudicial error in charging the jury to the effect that the state was not required to prove all the allegations of the indictment."

4. "There was a material variance between the allegations of the indictment and the proof thereof which misled, surprised and prejudiced the defendant."

5. "The verdict of the jury and the judgment entered by the court thereon, is not sustained by sufficient evidence and is contrary to law."

Section 3113.01, Revised Code, reads as follows:

"*No parent* or other person charged with the maintenance of a legitimate or illegitimate child under eighteen years of age, or *of a* physically or *mentally handicapped child under twenty-one years of age,* nor the husband of a pregnant woman, living in this state, *shall fail to provide such child* or woman *with the necessary or proper home, care, food, and clothing.*" (Emphasis added to pertinent portions of statute.)

Subsection (A) of Section 3113.99, Revised Code, provides:

"Whoever violates Section 3113.01 of the Revised Code shall be imprisoned in a jail or workhouse not more than one year or imprisoned in the penitentiary not less than one nor more than three years."

Prior to 1945 there was no provision of this statute with reference to physically or mentally handicapped children. This

provision was added in 1945 by the adoption of House Bill No. 463, 121 Ohio Laws 557, 572, effective January 1, 1946, which bill was enacted "To recodify the statutes relating to children * * * so as to clarify the juvenile court code, the marriage consent statutes and certain statutes relating to offenses against children." Although the term "physically handicapped child" was added to many of the sections of the Code amended by this act, the term "mentally handicapped" child appears only in the amendments of Section 1639-46, General Code (now Section 2151.42, Revised Code), and Section 13008, General Code (now Section 3113.01, Revised Code). Nowhere in the act is the term "physically handicapped child" or the term "mentally handicapped child" specifically defined. Nor do we find a specific definition of the term "mentally handicapped" at any other place in the statutes of Ohio.

Although it is basic that the power to define and classify and to prescribe punishment for felonies committed within the state is lodged in the General Assembly of the state and that, by reason thereof, the state may not issue criminal commands in vague and undefined language which would require definition by other than the General Assembly, or which would result in persons of ordinary intelligence not being informed with reasonable precision what acts the Legislature intends to prohibit, nevertheless, a statute may not be held invalid for uncertainty if any reasonable and practical construction can be given to its language. Mere difficulty in ascertaining its meaning, or the single fact that it is susceptible of different interpretations will not necessarily render it nugatory. It is the duty of courts to endeavor by every rule of construction to ascertain the meaning of, and give full force and effect to, every enactment of the General Assembly not obnoxious to constitutional prohibition. Words in common use will be construed in their ordinary acceptation and significance, and with the meaning commonly attributed to them. *Eastman* v. *State*, 131 Ohio St. 1; and 3 Sutherland, Statutory Construction, 3rd Ed. 56, Section 5606.

In Webster's Third New International Dictionary (Unabridged), the word "handicap" in its reference here is defined as "a disadvantage that makes achievement unusually difficult; *esp*: a physical disability that limits the capacity to work."

The history of the criminal legislation here involved, prior

to the inclusion of the particular language with which we are concerned, is set forth at length in the case of *Seaman* v. *State*, 106 Ohio St. 177, wherein it is stated at page 184:

"The intent of this legislation was to compel persons charged by law with the support of designated dependents to meet the full measure of their obligation to such dependents and society. The converse of the proposition may be stated that it was the purpose to relieve society of a burden that properly belonged to one charged by law with its obligation. * * *."

There is no reason to reach a different conclusion as to the intent of the amended legislation in its application to a mentally handicapped child. It is obvious from the amendment that the Legislature intends that parents should also have an additional burden of support for children under the age of 21 years who by reason of a mental handicap are unable by their own efforts to provide themselves "with the necessary or proper home, care, food, and clothing."

In view of the dictionary definition of handicap, in view of the legislative intent determined and expressed in *Seaman* v. *State*, 106 Ohio St. 177, and as a reasonable and practical construction derived from the words of the entire statutory section, it is apparent to this court, and we hold, that it is the legislative intent and definition, implicit in the provisions of Section 3113.01, Revised Code, as enacted and amended, that a mentally handicapped child is a child having a mental disability which makes, or would make, it unusually difficult for him to provide by his own efforts his necessary or proper home, care, food, and clothing. This definition operates, of course, to exclude from consideration in determining mental handicap any other limiting factors on such capability not arising from mental disability and which might be shared in common with any child, for instance, the mere fact of youth, lack of training, lack of initiative, lack of parental supervision, lack of parental or other encouragement, laziness, etc., and can operate to require a parent's support only where mental disability is the handicapping factor. Whether a child fits this definition would, of course, be a question of fact to be determined by a jury from any competent evidence bearing thereon.

We conclude, therefore, that Section 3113.01, Revised Code,

in its application to the neglect of a mentally handicapped child, is not invalid for indefiniteness or uncertainty and that defendant's first assignment of error is without merit.

We have also carefully examined the court's charge to the jury with respect to its definition of mentally handicapped. Although the court's charge was not identical with the foregoing definition, the court's definition, if anything, was beneficial to the defendant in that by using and defining the terms, "mentally retarded" and "mentally deficient," it tended to require an even greater handicap or disability to exist before the defendant should become criminally liable than we find is imposed by the subject statute. Nor did the defendant at the end of the general charge request any other instruction respecting the definition of mentally handicapped. Under these circumstances, the charge as made was not prejudicial to the defendant.

Defendant's second assignment of error, respecting the variable punishment feature of Section 3113.99, Revised Code, has been fully disposed of by the Supreme Court of Ohio contrary to defendant's contentions in the case of *Seaman* v. *State*, 106 Ohio St. 177, 179, and in *McKelvy* v. *State*, 87 Ohio St. 1, 7, and is therefore without merit.

In his third assignment of error defendant contends that the trial court was required to charge that the state must prove beyond a reasonable doubt that the defendant had acted unlawfully and wilfully and that he had the ability to provide for the child during the time mentioned in the indictment. As none of these matters are elements of the offense charged, inclusion thereof in the form of the indictment did not constitute material averments, were surplusage, and were not required to be proved by the state of Ohio. See, also, 15 Ohio Jurisprudence 2d 264, Criminal Law, Section 29. In fact, the lack of ability to support is an affirmative defense which, in order for the defendant to prevail, must be proved by the defendant by a preponderance of the evidence. *Runnebaum* v. *State*, 24 Ohio App. 461, and *Beronji* v. *State*, 13 Ohio Law Abs. 123. Here there was no proof by a preponderance of the evidence that the defendant was, "because of, lack of property or earnings, inability to secure employment, or physical incapacity to perform labor, unable to provide the * * * handicapped child * * * with the necessary or

proper home, care, food, and clothing'' as prescribed by Section 3113.02, Revised Code. For these reasons both the defendant's third and fourth assignments of error are without merit.

Defendant's fifth assignment of error is based, in addition to contentions hereinbefore disposed of, on the contention that he could not be proved guilty without proof beyond a reasonable doubt that he had knowledge that his child was mentally handicapped and that the state offered no evidence of such knowledge, and the further contention that the state did not produce evidence to show that the child was not furnished with necessary home, food, care and clothing in that the evidence shows, in fact, that he was furnished such by his mother.

The statute does not make knowledge of the mental handicap of the child an element of the crime, and for that reason such knowledge need not be proved by the state. Defendant's second contention is fully answered by the reasoning contained in the case of *State* v. *Stouffer*, 65 Ohio St. 47, wherein the Supreme Court held that a father is not absolved from his obligation to support his minor child because his divorced wife, having its custody, has provided it with sufficient support. See, also, *State* v. *Teal*, 77 Ohio St. 77. For these reasons defendant's fifth assignment is without merit.

This court finding no error prejudicial to the defendant-appellant in any of the particulars assigned and argued, the judgment of conviction and sentence is affirmed.

*Judgment affirmed.*

SMITH and BROWN, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.