(No. 9794—Decided December 29, 1970.)

*Mr. C. Howard Johnson,* prosecuting attorney, *Mr. Victor E. Vaile, Jr.,* and *Mr. David H. Bodiker,* for appellee. *Messrs. Cunningham, Burns & Gibbs,* for appellant.

HOLMES, J. The appellant, Walter D. Ducey, appeals his conviction of violation of R. C. 2151.42 which provides for the care, support, maintenance, and education of children, and makes the failure, neglect, or refusal to do so an offense, with penalties of fine and imprisonment.

On April 10, 1970, an affidavit was filed with the Clerk of the Domestic Relations Court by the Franklin County Child Services Bureau charging appellant with failing to support Walter Ducey, Jr., from April 11, 1969, to April 10, 1970. The appellant entered a plea of not guilty, and subsequently was found guilty by the court on April 21, 1970.

In his appeal to this court, appellant asserts that R. C. 2151.99, the penalty section relating to R. C. 2151.42, is unconstitutional in that it provides for imprisonment for failure to pay a debt in contravention of Section 15, Article I of the Constitution of the state of Ohio, and secondly that R. C. 2151.42 and 2151.99 deny the appellant equal protection under the law in contravention of the Fourteenth Amendment of the Constitution of the United States.

The sections of the Ohio Revised Code that are involved in this appeal are as follows:

R. C. 2151.42 states:

"No person charged with the care, support, maintenance, or education of a legitimate or illegitimate child or no person being the father of an illegitimate child under eighteen years of age shall fail to care for, support, maintain, or educate such child, or shall abandon such child, or shall beat, neglect, injure, or otherwise ill-treat such child, or cause or allow him to engage in common begging. No person charged with the care, support, maintenance, or education of a legitimate or illegitimate child under twenty-one years of age who is physically or mentally handicapped shall fail to care for, support, maintain, or educate such child. Such neglect, nonsupport, or abandonment shall be deemed to have been committed in the county in which such child may be at the time of such neglect, nonsupport, or abandonment. Each day of such failure, neglect, or refusal shall constitute a separate offense."

R. C. 2151.99 sets forth the penalties for violation of R. C. 2151.42 and reads in part:

"(B) Whoever violates Section 2151.42 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than one year, or both. The juvenile

judge may order that such person stand committed until such fines and costs are paid; provided that if he pays promptly to the juvenile court each week or to a trustee named by such court a sum to be fixed by it for such purpose, sentence may be suspended.''

The basic proposition of the appellant is to the effect that R. C. 2151.42, and the penalty section provided therefor, violate his rights under Article I, Section 15 of the Constitution of the state of Ohio.

Section 15, Article I of the Ohio Constitution is as follows:

''No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.''

## I

At the outset it might be well to restate the known and accepted by setting forth the general principles regarding the duty of parents to support their children as found in 41 Ohio Jurisprudence 2d, Parent and Child, Section 29:

''The natural duty of parents to provide their children with suitable shelter, food, and clothing until they are able to support themselves is enjoined by both the statutes and the common law of Ohio, and public policy requires that parents fulfill this duty.''

This state policy has been expressed in very certain terms in a number of sections providing for criminal liability on the part of parents for neglecting or failing to support their minor children.

In addition to the criminal liability of a parent for a misdemeanor under the provisions of R. C. 2151.42 of the juvenile court chapter, criminal responsibility is provided in R. C. 2903.08 which makes the nonsupport or neglect of a child under the age of 16 years a misdemeanor with regard to the provision of necessary and proper food, clothing, or shelter.

Yet another statute, R. C. 3113.01 and its accompanying penalty provision, R. C. 3113.99, makes it a felony for any parent, or other person charged with the maintenance of a child under 18 years of age to fail to provide such child with the necessary or proper home, care, food, and

clothing. Such sections are to be found in the chapter dealing with the neglect and abandonment of dependents.

Also, R. C. 3113.06 makes it an offense, punishable by imprisonment in a jail, workhouse, or the penitentiary, for a father or mother when they are charged with the maintenance of a child under 18 years of age who is legally a ward of a county child welfare board or a county department of welfare, to neglect or to refuse to pay such board or department the reasonable cost of maintaining such child when such father or mother is able to do so. See 41 Ohio Jurisprudence 2d, Parent and Child, Section 67.

Although there appear to be no reported cases concerned specifically with the question of the constitutionality of R. C. 2151.42 and the penalty section thereunder, i. e., R. C. 2151.99, which provides for fine and imprisonment, there are reported cases upholding the authority generally of courts to issue citations in contempt to those violating the orders of courts of domestic relations relating to the payment of support money for children.

These cases upholding the contempt authority of courts of domestic relations, including the right to order the confinement of the one found to be in contempt, uniformly take the position that such a claim for support money is not a debt within the constitutional guaranty against imprisonment for debt.

In point, the Supreme Court in *State, on Complaint of Cook*, v. *Cook* (1902), 66 Ohio St. 566, held in the second paragraph of the syllabus as follows:

"A final money decree for alimony is not a debt within the purview of the constitutional inhibition against imprisonment for debt, but is such an order as that, under favor of section 5640, Revised Statutes, punishment as for a contempt may follow a willful failure to comply with it."

In like manner, the first paragraph of the syllabus of *Slawski* v. *Slawski* (1934), 49 Ohio App. 100, is as follows:

"A decree in a divorce action, ordering the payment of money for the support of a minor child, is not a judgment for the payment of money nor is it a debt within the

constitutional inhibition against imprisonment for debt, but is in the nature of an order for the payment of alimony, and contempt will lie for wilful failure to comply with its terms.''

A ''debt'' as defined in Black's Law Dictionary, third edition, is ''an unconditional promise to pay a fixed sum at a specified time.''

Further, a ''debt'' is a specified sum of money owing to one person from another, including not only the obligation of the debtor to pay, but the right of the creditor to receive and enforce payment.

On the other hand, the obligation to support one's own children is one owed to the public generally.

This proposition of law and morality was set forth in very appropriate prose in the old case of *Hand* v. *Hand* (1891), 11 Dec. Rep. 202, where the Hamilton County Court of Common Pleas, speaking through Judge Bates, stated:

''* * * Debts are owing to individuals, and they alone have a recognizable interest in them; but the duty to support a child is an obligation owing by the parent to the public or body politic generally, and enforcible by the latter, as witness the statutes punishing a parent's abandonment and neglect of children by fine or workhouse sentence * * *.''

Speaking further as to the differences between a ''debt'' and the continuing duty to support one's children, Judge Bates continues:

''Moreover, a debt arises out of a contract or tort, and hence is founded on the promise or act of the parties, but the duty to support children is imposed by the law itself, as a consequence of the relation, as one example of a function that seems to pervade all nature, animate or inanimate, that the mature shall guard the immature—the parent, the offspring.

''Again, a debt is the residuum of a past and finished transaction, and of a certain defined amount, but this liability arises out of an unfinished omnipresent responsibility of changeable weight.

''A debt can be discharged by a single act or acts, and

if not discharged remains in force, even for and against the estates of the respective parties when dead; but the duty to support is not dischargeable, but continues through immaturity, then falls of itself, and moreover does not descend to or against the respective administrators."

It is reasonable and proper for members of the public at large to assume that if another member of society desires to increase the population by the addition of his progeny, he full well intends to assume the burdens attendant therewith.

It is also reasonable for the state to provide for certain measures which exact penalties and sanctions for those who do not see fit to meet the attendant responsibilities of his progeny.

Aside from the human and social desirability of parents providing life's necessities for their children, it would indeed be unreasonable to expect the general public, the state, or private social bodies to incur the financial burden of supporting children brought into our society through the free will of a man and woman who are able, but unwilling, to incur that burden.

We hold that R. C. 2151.99 is not unconstitutional in that such section is not in conflict with Section 15, Article I of the Ohio Constitution, prohibiting imprisonment for debt.

## II

The next assignment of error urged by the appellant is to the effect that R. C. 2151.42 and R. C. 2151.99 violate the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

This premise is based on the argument that such sections of the Ohio Revised Code authorize the imprisonment of any person charged with the care, support, maintenance, or education of a minor child and make no distinction or exception for those who are unable to do so for whatever reason, indigency, disability, or the like.

The appellant further argues that the effect of the application of those statues is to violate the equal protection clause of the United States Constitution in that such

application causes results which depend upon the solvency of the defendant.

This argument is ingenious and intriguing but unsound. The application of the questioned sections of Ohio law need not produce the undesirable, if not unconstitutional, result as presented by the appellant.

The conviction of one charged with neglecting or failing to support one's child must be based upon the weight of the evidence by way of the proof of the failure or neglect on the one hand, and by way of the available defenses on the other.

One may not be found to be in violation of the statute before us here if there is evidence either to the effect that he has paid all that he is able to pay, or that by shown circumstances he is incapable of paying any such required amounts.

A review of the authorities, by way of case law and text, presents some differing reasons as to how the issue of ability, or inability, to support should be raised on a trial of such a matter.

One view is to the effect that it is necessary for the prosecution to prove that the defendant is able to provide support. Another view is that such capability, or noncapability, is a matter of defense.

This court in the case of *Riley* v. *State* (1929), 8 Ohio Law Abs. 92, held that in a proceeding under G. C. 1655, now R. C. 2151.42, it is the duty of the state to prove that the defendant is able to provide such support. The second headnote of such case established that:

"Defendant having entered plea of not guilty, State is put upon strict proof. To depend upon judicial notice of proceedings had in another action for necessary and basic facts is not justified. Proof in record, of all fundamentals necessary to conviction, required."

The court within the body of the opinion stated the following:

"It is necessary in every instance to prove that the defendant is able to support or contribute to the support of the minor, by reason of property holdings, personal

earnings or the ability to earn. Proof of this ability to pay is in all instances a question of fact.''

A subsequent case, also decided by this court, would show that no such burden of proof is required of the prosecution but that the issue of the inability to support is raised by the defendant as a matter of defense. Such was the holding in *State* v. *Priest* (1963), 120 Ohio App. 270.

The second headnote in the case of *State* v. *Priest* on such point is as follows:

"Section 2151.42, Revised Code, does not place upon the prosecution any duty to show that a person charged with a violation thereof (nonsupport of a minor child) is able to support such child."

In the instance of a case brought pursuant to R. C. 3113.01 (neglect and abandonment of dependents), the Code provides in R. C. 3113.02 that "* * * the defendant shall be acquitted if it appears that he was, because of lack of property or earnings, inability to secure employment, or physical incapacity to perform labor, unable to provide the minor or handicapped child or pregnant woman with the necessary or proper home, care, food, and clothing.''

The cases brought pursuant to such section are uniform in holding that the state need not prove the ability of the defendant to support, but that the inability to support is an issue to be raised by way of affirmative defense. See *Runnebaum* v. *State* (1926), 24 Ohio App. 461; *Beronji* v. *State* (1932), 13 Ohio Law Abs. 123; *Smith* v. *State* (1928), 6 Ohio Law Abs. 739.

We endorse and reaffirm the pronouncement by this court in *State* v. *Priest, supra* and further hold that evidence of the inability to support would be a proper defense in an action brought pursuant to R. C. 2151.42.

Our holding that a proper showing of inability to support constitutes a good defense of a proceeding brought under R. C. 2151.42, obviates any basis for the argument that such section, and the penalty section thereunder, violates the equal protection clause of the Constitution of the United States.

Equal protection under the Fourteenth Amendment is

58

denied only when the state has imposed sanctions, penalties, or restrictions upon persons on an unreasonable basis of classification.

Here no such constitutional clash occurs since only that class of persons capable of paying support, but failing to do so, may be prosecuted.

The appellant's second assignment of error is accordingly found to be without merit.

This appeal is denied and the judgment of the Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.