CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Respondent.

*No. 139. Argued February 4, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 443.)

For the appellant there was a brief by *Godfrey, Trump & Davidson,* attorneys, and *Richard R. Robinson* of counsel, all of Milwaukee, and oral argument by *Mr. Robinson.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. Two issues are presented on this appeal:

1. Is there substantial evidence to sustain the finding that the employer committed an act of discrimination against Vern C. Goodwin by terminating his employment on the basis of an alleged handicap?

2. Was the department's order overbroad?

In the instant action, the complainant charged that he was discriminated against on the basis of handicap. Thus, the burden of proof is on the complainant to prove that the reason he was terminated was because of his physical disorders. Such a finding was made by the department and, being a finding of fact, is conclusive if supported by substantial evidence in view of the entire record. Sec. 227.20 (1) (d), Stats.; *Robertson Transportation Co. v. Public Service Comm.* (1968), 39 Wis. 2d 653, 159 N. W. 2d 636. Whether the physical disorders suffered by the complainant constitutes a handicap is a conclusion of law. Errors of law are always reviewable by the reviewing court. Sec. 227.20 (1) (b); *Pabst v. Department of Taxation* (1963), 19 Wis. 2d 313, 120 N. W. 2d 77.

The fact that Goodwin's employment was terminated on the basis of physical disorders—his history of asthma —is not challenged by the appellant and is supported by

the substantial evidence in view of the entire record. No contrary conclusion would be possible. However, this court must determine whether asthma or the other physical disorders of the complainant constitute a handicap.

Sec. 111.32 (5), Stats., fails to define what constitutes a handicap. It is the contention of the appellant that the complainant's physical disorder does not constitute a handicap. Rather, the appellant contends that for an employee to be deemed handicapped, he must be incapacitated from normal remunerative occupation, an economic detriment to the normal employer and require rehabilitative training. We think such a reading of the statute is entirely too constrictive.

The Wisconsin Fair Employment Code was promulgated so as to encourage and foster to the fullest extent practicable the employment of all properly qualified persons. To accomplish this goal, the code restricted the employer's right to discriminate against those individuals who, though female, old, handicapped or whatever, could function efficiently on the job. If the individual can function efficiently on the job, then the mere fact that he is different from the average employee as to those statutorily proscribed bases may not be used as a basis for discrimination. To effectuate this purpose, the code is to be liberally construed. Sec. 111.31 (3), Stats.

If this court were to adopt the very constricted interpretation of the appellant, an impractical result would occur. If an individual were a paraplegic and were able to efficiently perform the duties of the job, then he would be protected under sec. 111.325, Stats., but if an individual were asthmatic or suffered from migraine headaches, though able to efficiently perform the duties of the job, no protection against discrimination would be found under the statute. The legislative policy of encouraging the

employment of *all* properly qualified persons would not be served under such a statutory construction.

Since handicap does not have a statutory definition, the word must be given its meaning in common usage. Sec. 990.01 (1), Stats. Thus, this court would define handicap as "a disadvantage that makes achievement unusually difficult; esp.: a physical disability that limits the capacity to work." [1] Such a definition was adopted in *State v. Turner* (1965), 3 Ohio App. 2d 5, 209 N. E. 2d 475, 477, as the definition of handicap with respect to mental injuries. The Wisconsin rehabilitative law, sec. 55.01 (3) (a), defines "handicapped person" somewhat broader as:

". . . any person who, by reason of a *physical or mental defect or infirmity,* whether congenital or acquired by accident, injury or disease . . . ." (Emphasis supplied.)

In either case, it is our opinion that handicap as used in sec. 111.32 (5), Stats., must be defined as including such diseases as asthma which make achievement unusually difficult.

Since the department found that the complainant was discriminated against on the basis of handicap, the burden of proof was on the employer to prove that his actions were exempted pursuant to sec. 111.32 (5) (f), Stats., which provides as follows:

"The prohibition against discrimination because of handicap does not apply to failure of an employer to employ or retain as an employe any person who because of a handicap is physically or otherwise unable to efficiently perform at the standards set by the employer, the duties required in that job."

On review of the record as a whole, there is no evidence that Goodwin was unable to efficiently perform the duties of his job as a common laborer. Goodwin per-

---

[1] Webster's, *New International Dictionary* (3d ed., 1961), p. 1027.

formed without ill effects all of the tasks assigned to him in the diesel house. In fact, there was no medical testimony that, to a reasonable degree of medical certainty, the working conditions were or would be in the future hazardous to his health.

On the contrary, there was testimony that Goodwin successfully passed his military preinduction physical and two other physicals necessary for strenuous jobs he held after his termination. The complainant has had no recurrence of his childhood asthmatic condition for over seven years and has continued participating in sports since high school. In fact, the record as a whole reveals that the complainant was physically qualified to efficiently perform the duties of his job as a common laborer and that the department's finding to that effect is supported by the substantial evidence.

*The order.*

Finally the appellant contends that the order of the department

"The respondent, Chicago, Milwaukee, St. Paul and Pacific Railroad, be and hereby is ordered to cease and desist its discriminatory employment practices against the complainant *and like situated employees or applicants for* employment." (Emphasis supplied.)

is overbroad in its application to "like situated employees or applicants for employment." We agree. In the instant action the department issued a written notice of hearing as required by sec. 111.36 (3), Stats., which specified the nature of the discrimination complained of as "an act of discrimination due to handicap." Such notice of hearing failed to specify any "ongoing acts of discrimination" other than that perpetrated in the complaint.

Findings and recommendation of the department resulting from said hearing must not be broader than that specified in the notice of hearing. Any contrary action

would be violative of sec. 111.36 (3), Stats. Thus, it is the opinion of this court that the order of the department must be modified by limiting its application solely to the complaint. Such order as modified is affirmed.

*By the Court.*—Judgment modified and, as modified, affirmed.