**Danny DAVIS, Petitioner,**

v.

**William N. BARBER, et al.,
Respondents.**

**Civ. No. H 86–516.**

United States District Court,
N.D. Indiana,
Hammond Division.

April 8, 1987.

David E. Vandercoy, Associate Professor, Valparaiso University School of Law, Valparaiso, Ind., for petitioner.

William Patrick Glynn, III, Office of Atty. Gen., Indianapolis, Ind., for respondents.

## ORDER

MOODY, District Judge.

This matter comes before the court on a Petition for Writ of Habeas Corpus which was filed on behalf of Danny Davis on July 2, 1986. The respondents filed an answer pursuant to Rule 5 of the Rules Governing § 2254 Cases on December 24, 1986. The petitioner filed a reply to the respondents' answer on February 2, 1987.

### I.

The petitioner was convicted of the offense "Non-support of a Dependent Child," Ind. Code Ann. 35–46–1–5 (1986), following a jury trial in Porter superior Court, Porter County, Indiana. He was sentenced to two-year term of imprisonment on August 15, 1984 and was paroled on February 3, 1986. He filed his Petition for Writ of Habeas Corpus on July 30, 1986, and received a final discharge of his sentence on August 1, 1986.

The crime under Indiana law for non-support of a dependent child, Ind.Code Ann. § 35–46–1–5 (1986), provides that:

(a) A person who knowingly or intentionally fails to provide support to his dependent child commits nonsupport of a child, a Class D felony.

(b) It is a defense that the child had abandoned the home of his family without the consent of his parent or on the order of a court, but it is not a defense that the child had abandoned the home of his family if the cause of the child's leaving was the fault of his parent.

(c) It is a defense that the accused person, in the legitimate practice of his religious belief, provided treatment by spiritual means through prayer, in lieu of medical care, to his dependent child.

(d) It is a defense that the accused person was unable to provide support.

In the prosecution of Danny Davis under this statute, the court required him to bear the burden of proving by a preponderance of the evidence that he was unable to support his dependent child. Davis asserts that shifting the burden of proof on the defense of being unable to provide support was unconstitutional because the defense negates an element of the offense under the statute. He further contends that, even if the defense of being unable to provide support does not negate an element of the offense, fundamental principles of due process require the state to prove that Davis had the ability to provide support before it may convict and punish him for failing to do so.

## II.

■ The Due Process Clause protects the accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). The states have wide discretion in allocating the burden of proof between the prosecution and the defense in issues that are not elements of the crime. *Moran v. Ohio*, 469 U.S. 948, 952, 105 S.Ct. 350, 352, 83 L.Ed.2d 285, 288 (1984) (Brennan, J., dissenting). The state may require a defendant to prove an affirmative defense only if the affirmative defense "does not serve to negative any facts of the crime which the State is to prove in order to convict." *Patterson v. New York*, 432 U.S. 197, 206–07, 97 S.Ct. 2319, 2324–25, 53 L.Ed.2d 281. Thus, to determine whether a state may allocate to the defendant the burden of proof on an issue in a criminal prosecution, this court must first determine what elements constitute the crime in question.

■ Ind.Code § 35–46–1–5 provides two elements for conviction of the crime of failing to support a dependant child: (1) knowingly or intentionally; and (2) failing to provide support. "Knowingly" and "intentionally" are defined by Ind.Code § 35–41–2–2(a) and (b) which provide:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Thus, as defined by statute, the prosecution has the burden of proving beyond a reasonable doubt: (1) that the accused either had the conscious objective or was aware of a high probability that he was failing to provide support; and (2) that he actually failed to provide support.

The petitioner contends that voluntariness is an additional element of the offense that the prosecution must prove.

Ind.Code § 35–41–2–1 provides that:

(a) A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense. However, a person who omits to perform an act commits an offense only if he has a statutory, common law, or contractual duty to perform the act.

Inasmuch as the charge against the petitioner was a crime of omission, this section seems to require no showing of voluntariness. It plainly states that such an offense is shown by merely showing that the accused had a statutory, common law, or contractual duty to perform the act.

Moreover, the nonsupport of a dependent child statute contains no specific voluntari-

ness requirement. Ind.Code Ann. § 35–46–1–5 (1986). In *Davis v. McCotter*, 766 F.2d 203, 205 (5th Cir.1985), the Fifth Circuit Court of Appeals rejected the identical argument raised by Davis' petition. In that case, the Texas Penal Code contained a general voluntariness rubric but the aggravated robbery statute contained no specific voluntariness requirement. The court declined to read the element of voluntariness into the offense of aggravated robbery and found it permissible to require the defendant to prove his lack of voluntariness as an affirmative defense. *Davis v. McCotter*, 766 F.2d at 204. See also, *Takacs v. Engle*, 768 F.2d 122, 126 (6th Cir.1986); *Thomas v. Arn*, 704 F.2d 865, 874–75 (6th Cir.1983).

■ Proof of the defense of inability to pay does not negate any element of the offense of failing to pay child support. A state need not "prove beyond a reasonable doubt every fact, the existence or non-existence of which it is willing to recognize as an exculpatory or mitigating circumstance affecting the degree of culpability or the severity of the punishment." *Patterson*, 432 U.S. at 207, 97 S.Ct. at 2325. The inability to pay defense constitutes an issue separate and apart from the elements of the crime charged. The jury would naturally consider the issue only after it had found the elements of the offense—i.e., the petitioner's knowing failure to pay—beyond a reasonable doubt. The Supreme Court considers these factors important to the question of whether a particular defense negates an element of the offense. *Patterson*, 432 U.S. at 207, 97 S.Ct. at 2325; *Leland v. Oregon*, 343 U.S. 790, 795–796, 72 S.Ct. 1002, 1005–1006, 96 L.Ed. 1302 (1952). The question of ability to pay does not negate any element of the offense of nonsupport of a dependent child as defined by Indiana statute. Instead, it excuses and makes non-criminal an omission that would otherwise be criminal. It is an affirmative defense and, therefore, it was permissible to place on the accused the burden of proving that affirmative defense.

### III.

The petitioner also contends that even if the offense of nonsupport of a dependent child does not require the government to prove ability to support, the statutory scheme violates principles of due process and fundamental fairness because it permits a state to convict and punish an accused for a crime of omission without requiring the state to prove that the accused could have acted.

■ A state's decision about the manner in which it will define a crime is not subject to proscription under the due process clause unless "it offends some principles of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *McMillan v. Pennsylvania*, —— U.S. ——, 106 S.Ct. 2411, 2416, 91 L.Ed.2d 67 (1986). The petitioner's argument that it is unconstitutional to punish without proof that the accused had the ability to pay child support raises the same fundamental question posed by his affirmative defense argument, whether proof beyond a reasonable doubt of the statutory elements of the nonsupport statute provides a constitutionally adequate basis for imposing felony liability. It is not the function of this court to assess the prudence of the Indiana legislature in defining the offense but to only determine whether the statute offends a fundamental principle of justice.

■ Many states employ nonsupport of dependent child statutes which require the accused to prove, as an affirmative defense, that he was unable to pay, and the petitioner has pointed to no case in which such a statute has been successfully challenged on constitutional due process grounds. These statutes recognize that it "is reasonable and proper for members of the public at large to assume that if another member of society desires to increase the population by the addition of his progeny, he full well intends to assume the burdens attendant therewith." *State v. Ducey*, 25 Ohio App.2d 50, 266 N.E.2d 233, 236 (1970). While it may be a harsh sanction, it is not fundamentally unfair to impose on persons who fail to meet their human and social responsibility to support the children which they, of their own free will, bring

into this society. The State of Indiana has seen fit to ameliorate the harshness of such a rule by allowing the parent to raise as an affirmative defense his inability to pay.

## CONCLUSION

Because the offense of nonsupport of a dependent child does not include ability to pay as an element of the offense, the State of Indiana did not violate petitioner Danny Davis' due process rights by requiring him to bear the burden of proving his inability to pay as an affirmative defense. Nor does such a statutory scheme violate the substantive protections of the due process clause. Accordingly, the Petition for Writ of Habeas Corpus is DENIED.