[Cite as *State v. Collins*, **2018-Ohio-2606**.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-703 |
| v. | : | (C.P.C. No. 15CR-3792) |
| Rivell Collins, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 29, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

**On brief:** *Clark Law Office* and *Toki Michelle Clark,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Rivell Collins, appeals from a September 7, 2017 judgment of the Franklin County Court of Common Pleas finding him guilty of nonsupport of dependents in violation of R.C. 2919.21. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} As relevant to this appeal, the following are the facts. The Franklin County Grand Jury indicted appellant on August 4, 2015, on one count of nonsupport of dependents, pursuant to R.C. 2919.21, a felony of the fifth degree. This charge stems from appellant's failure to pay child support for the time frame of July 1, 2013 through July 1, 2015.

{¶ 3} On September 5, 2017, a jury trial began in the Franklin County Court of Common Pleas. During the trial, appellant attempted to introduce into evidence portions

of the Uniform Commercial Code ("UCC"). The trial court told appellant that "the UCC is about the sale of goods" and "[i]t has nothing to do with child support." (Tr. at 112.) As such, the trial court excluded appellant's proposed UCC evidence.

{¶ 4} On September 7, 2017, the jury returned a verdict of guilty to the nonsupport of dependents charge. A sentencing hearing was held at the time of the conviction. The trial court sentenced appellant to a one-year suspended sentence with seven days jail-time credit, five years probation, ordered appellant to pay an arrearage amount of $18,904.75, and undergo a mental health assessment. Appellant filed a timely notice of appeal with this court on October 2, 2017.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant assigns the following errors:

[I.] THE CHILD SUPPORT STATUTE VIOLATES THE EQUAL PROTECTION CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTIONS.

[II.] A VIOLATION OF THE DUE PROCESS CLAUSE OCCURS WHEN A JUDGE FAILS TO ALLOW A DEFENDANT TO ARGUE UNIFORM COMMERCIAL CODE PRINCIPALS [sic] IN A CHILD SUPPORT CASE.

## III. DISCUSSION

{¶ 6} In assignment of error one, appellant argues that the U.S. and Ohio Constitutions preclude anyone from being imprisoned for a debt in a civil action and that appellant's child support "debt" has been converted from a civil obligation into a criminalized debt by R.C. 2919.21. As such, appellant claims that R.C. 2919.21 violates equal protection by treating similarly situated "debtors" differently. In assignment of error two, appellant claims the trial court abused its discretion and violated due process in excluding evidence that the UCC applied to his case, and prevented criminalizing his conduct.

{¶ 7} At the outset, we note that appellant never raised a constitutional challenge to R.C. 2919.21 in the trial court, and instead raises this constitutional argument for the first time on appeal, which is improper. *See State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 74 (constitutional argument raised for the first time on appeal " ' "need not be heard" ' " by reviewing court), quoting *State v. Douglas*, 10th Dist. No. 09AP-111, 2009-

Ohio-6659, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. *See also State v. Mack*, 10th Dist. No. 16AP-680, 2017-Ohio-7417, ¶ 19. "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Awan* at 122. Even "[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time." *State v. Childs*, 14 Ohio St.2d 56, 62 (1968). The longstanding waiver rule is "strict." *State v. Long*, 53 Ohio St.2d 91, 96 (1978). Appellant should have raised a constitutional challenge to R.C. 2919.21 before conviction, but he failed to do so. Thus appellant has waived this argument for this appeal.

{¶ 8} However, an appellate court has discretion to recognize "[p]lain errors or defects affecting substantial rights" although they were not raised to the trial court. Crim.R. 52(B). *Columbus v. Asomani*, 10th Dist. No. 16AP-255, 2017-Ohio-812, ¶ 16. Appellant's argument in assignment of error one, that R.C. 2919.21 violates equal protection based on unequal treatment of similarly situated "debtors," fails because appellant's argument is based on a faulty premise. This court has determined that a child support order does not create a "debt." *State v. Ducey*, 25 Ohio App.2d 50, 53-55 (10th Dist.1970). "A decree in a divorce action, ordering the payment of money for the support of a minor child, is not a judgment for the payment of money nor is it a debt within the constitutional inhibition against imprisonment for debt, but is in the nature of an order for the payment of alimony, and contempt will lie for wilful failure to comply with its terms." *Bauer v. Bauer*, 39 Ohio App.3d 39, 41 (10th Dist.1987). Therefore, appellant did not face imprisonment for failure to pay a debt.

{¶ 9} In addition, " '[a] regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality.' " *State ex rel. O'Brien v. Heimlich*, 10th Dist. No. 08AP-521, 2009-Ohio-1550, ¶ 24, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 147 (1955). The Ohio Legislature felt it wise to impose criminal responsibility on parents who refuse to support their children. Compelling state interests support this conclusion. *Ducey* at 53. The "obligation to support one's own children is one owed to the public generally." *Id.* at 54. R.C. 2919.21 easily survives rational basis review. *See, e.g., State v. Meyer*, 14 Ohio App.3d 69, 73 (2d Dist.1983) (finding analogous statute, R.C. 3113.06, satisfies equal protection).

In *State v. Brown*, 5 Ohio App.3d 220, 221 (5th Dist.1982), the court found that R.C. 2919.21 satisfies due process and stated "[w]e uphold the right of the Ohio Legislature to pass R.C. 2919.21 (A)(4) and hold that there is a rational nexus between the statute and state policy in providing criminal sanctions for the non-support * * *. There is nothing in this legislation that indicates that it is incompatible with Ohio constitutional provisions." Appellant cites no case law in support of his argument. We find no error, plain or otherwise. Appellant's first assignment of error lacks merit.

{¶ 10} In assignment of error two, appellant claims the trial court abused its discretion in excluding evidence that the UCC applied to his case, and prevented criminalizing his conduct. A trial court's decision to admit or exclude evidence generally rests within the court's discretion. *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus.

{¶ 11} As explained previously, appellant's obligation to pay child support was not a "debt." *Ducey* at 53-55. Also, R.C. 2919.21 applied to appellant, as he admitted that he was the child's father. Appellant fails to cite any relevant authority to support his contention that the UCC applies to a prosecution under R.C. 2919.21. Our review shows that the UCC does not apply to nonsupport of dependents, and as such, appellant's unsupported argument lacks merit. The trial court properly concluded that evidence regarding the applicability of the UCC was not relevant to appellant's failure to provide support for his child, under Evid.R. 401, or admissible under Evid.R. 402 and 403. The trial court did not abuse its discretion. The trial court acted reasonably when it excluded irrelevant evidence.

{¶ 12} Based on the above, appellant's two assignments of error are overruled.

## IV. DISPOSITION

{¶ 13} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————