BOLTZ, APPELLANT, *v.*
BOLTZ, APPELLEE.

(No. 12448—Decided June 4, 1986.)

*C. Donald Morris,* for appellant.
*Robert H. Brown,* for appellee.

GEORGE, J. James L. Boltz, plaintiff-appellant, and Robin L. Boltz, defendant-appellee, were divorced in 1984. James was awarded custody of the two minor children, Julie and Janna, who were at the time of the divorce aged four

and two years, respectively. Robin was ordered to pay child support in the amount of $25 per week per child.

In 1985, Robin remarried and shortly thereafter quit her job. She then asked the court to relieve her of her child support obligations as previously ordered. The court did.

James appeals the termination of child support claiming error by the trial court in three aspects: (1) by failing to consider the factors enumerated under R.C. 3109.05; (2) by failing to take testimony as to the current needs of the children; and (3) by finding that a voluntary termination of employment justifies termination of child support.

The single issue presented upon review is whether the termination of employment at a new spouse's request justifies the termination of ordered child support. This court holds that it does not. Thus, the other issues raised by the appellant need not be addressed.

In August 1985, a complaint was filed with the juvenile court, invoking that court's jurisdiction pursuant to R.C. 2151.27. The complaint alleged that the two minor children, in the custody of James, were dependent. Emergency temporary custody of the children was granted to the children's services board.

Then on September 9, 1985, Robin moved the court for an order terminating her obligation to pay support for the two minor children of the parties. The reason given was that "she is unemployed and has no earnings whatsoever."

James did not appear at the hearing on Robin's motion. The only evidence presented was that Robin's new spouse requested that she not work outside the home and that in response to the request, she quit her job.

The referee recommended modification and termination of Robin's child support obligations. James lodged an objection, which the court overruled. The court then adopted the referee's recommendation and made it an order of the court, stating:

"* * * [T]his court feels that if the new spouse wants defendant [Robin] to remain home and she fulfills the request of her new husband, she has that right to do so. * * *"

The obligation to support one's own children is one owed to the public generally. *State* v. *Ducey* (1970), 25 Ohio App. 2d 50, 54 O.O. 2d 80, 266 N.E. 2d 233. It would be unreasonable to expect the general public, the state, or private social agencies to incur the financial burden of supporting children brought into our society through the free will of parents who are able, but unwilling, to incur that burden. *Id.*

Thus, under Ohio law, both parents have been deemed to be equally obligated to provide the care, nurture, welfare and education required for their minor children. R.C. 2111.08; *State* v. *Ducey, supra; Hacker* v. *Hacker* (1981), 5 Ohio App. 3d 46, 5 OBR 50, 448 N.E. 2d 831. See, also, R.C. 2919.21. Ohio's public policy on this issue is clear. It has been repeated in several statutory provisions and not only requires that parents support their children, but makes the obligation to support one's own children mandatory. See R.C. 2919.21, 3109.05 and 3113.06; *State* v. *Wright* (1982), 4 Ohio App. 3d 291, 4 OBR 541, 448 N.E. 2d 499; and *State, ex rel. Wright,* v. *Indus. Comm.* (1943), 141 Ohio St. 187, 25 O.O. 277, 47 N.E. 2d 209, paragraph one of the syllabus.

Modification of an existing award of child support is a two-step process. *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86, 2 OBR 95, 440 N.E. 2d 831, paragraph three of the syllabus. The threshold determination is whether or not there has been a change in circumstances which would warrant such modification. *Bright* v. *Collins* (1982), 2 Ohio App. 3d 421, 2 OBR 514, 442 N.E. 2d 822, paragraph two of the syllabus.

216

Unemployment, in certain instances, may be determined to constitute a change of circumstances. It has consistently been held that the duty to support is tied to the parent's ability or inability to provide such support. See, *e.g., Cheek, supra.* But a voluntary termination of employment at the request of a parent's new spouse does not constitute an inability to support. See *Bellamy* v. *Bellamy* (Nov. 10, 1981), Morrow App. No. 583, unreported. See, also, *Haynie* v. *Haynie* (1984), 19 Ohio App. 3d 288, 19 OBR 459, 484 N.E. 2d 750; and *Smith* v. *Smith* (C.P. 1983), 12 Ohio Misc. 2d 22, 12 OBR 495, 467 N.E. 2d 913.

Here Robin was not found to be unable to work and to earn wages. The single factual finding by the referee, which was adopted by the trial court, stated only that:

"* * * Plaintiff [*sic*] had been employed and in June 1985 she remarried and upon request of new spouse, she gave up her job and is not presently employed. Also during the interim, the child[ren] services board has taken custody of the children and they are presently in the care of foster parents * * *."

The trial court's order here terminating child support is predicated wholly on Robin's status of unemployment. Without a showing of good reason for such voluntary termination, however, Robin has failed to demonstrate a change of circumstances sufficient to warrant modification of an order of support. Thus, the threshold inquiry has not been satisfied and no further consideration of the factors under R.C. 3109.05 is required.

The judgment of the trial court is therefore reversed.

*Judgment reversed.*

MAHONEY, P.J., and BAIRD, J., concur.