## Hoban v. Hoban
*[Cite as 5 AOA 214]*

*Case No. 2551*
*Wayne County, (9th)*
*Decided July 11, 1990*

*Lon Vinion, Attorney at Law, 449 N. Market St., Wooster, OH 44691, for Plaintiff.*

*Martin Frantz, Attorney at Law, 132 S. Market St., Suite 201, Wooster, OH 44691, for Defendant.*

QUILLIN, J.

The central issue presented in this child support appeal is whether the trial court must find a substantial change in circumstances before it may modify an award of an income tax dependency exemption. Because we hold that a showing of a substantial change in circumstances is required before the dependency exemption may be modified, we reverse.

In December 1987, the Wayne County Court of Common Pleas registered a foreign support order from North Carolina. The foreign support order resulted from a consent order filed in September 1986, between Patricia Hoban and James Hoban. Subsequent to the registration of this order, both parties filed various motions with the Wayne County Court of Common Pleas. At the conclusion of the hearing on these motions, the referee recommended that the trial court, (1) find Patricia in contempt for denying James visitation rights, (2) deny Patricia's motions for modification of visitation and reimbursement for real estate expenses, (3) award James the right to claim the minor children as dependents for income tax purposes beginning with the 1990 tax year, (4) deny both parties' requests for attorney fees, and (5) deny Patricia's motion to find James in contempt for failing to pay one-half of the children's unpaid medical expenses.

The trial court adopted the recommendations of the referee over Patricia's objections.

Patricia raises four assignments of error.

### ASSIGNMENT OF ERROR

"I. The trial court erred in modifying the previous orders of the court so that the appellee could claim the minor children for tax purposes.

Neither Section 152(e), Title 26, U.S. Code, as amended by the Tax Reform Act of 1984 (F.L. 98-369), nor the Sixteenth Amendment to the United States Constitution preclude a state domestic relations court from awarding the dependent child tax exemption to the noncustodial parent in a divorce proceeding. *Hughes v. Hughes* (1988), 35 Ohio St. 3d 165, syllabus.

R.C. 3113.21(B) was amended by Am. Sub. H.B. No. 591, effective April 12, 1990. One of the stated purposes of this legislation was to permit the court to reconsider which parent may claim the children as dependents for federal income tax purposes whenever it reconsidered a child support order.

The legislation added R.C. 3113.21(B)(10) which provides:

"(10) Whenever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes as set forth in section 151 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended, and shall issue its determination on this issue as part of the child support order. The court in its order may permit the noncustodi-

al parent to claim the children as dependents for federal income tax purposes only if the payments for child support are current in full as ordered by the court for the year in which the children will be claimed as dependents. If the court determines that the non-custodial parent may claim the children as dependents for federal income tax purposes, it shall order the custodial parent to take whatever action is necessary pursuant to section 152 of the 'Internal Revenue Code of 1986,' 100 STAT. 2085, 26 U.S.C. 1, as amended, to enable the noncustodial parent to claim the children as dependents for federal income tax purposes in accordance with the order of the court. Any willful failure of the custodial parent to comply with the order of the court is contempt of court."

Therefore, R.C. 3113.21(B)(10) gives the court the authority to modify which parent may claim the dependency exemption when it modifies, reviews or reconsiders a child support order.

In this instance, we must determine whether the trial court has the authority to modify which parent receives the tax exemption when it does not otherwise modify the support order or make a separate finding of a change in circumstances.

James contends that based on this new legislation, he may request a review of the child support order, without the necessity of demonstrating a change in circumstances. We disagree.

Before the new law was enacted, a child support order could not be modified absent a showing of a substantial change in circumstances which was not within the knowledge or contemplation of the court at the time the last order was entered. *Bolts v. Bolts* (1986), 31 Ohio App. 3d 214, 215. Once a change in circumstances was found to exist, the trial court redetermined what amount was reasonable or necessary for support based on the factors in R.C. 3109.05. *Jarboe v. Jarboe* (Feb. 24, 1988), Summit App. No. 13266, unreported.

The record reflects that James presented no evidence or argument that the circumstances had changed substantially so as to justify a redetermination of the original award. Nor has James persuaded us to deviate from the long-standing requirement of a showing of a substantial change in circumstances to modify a previous court order.

In *Bobo v. Jewell* (1988), 38 Ohio St. 3d. 330, 332, the Supreme Court of Ohio stated:

"However, a parent is not automatically entitled to the exemption when that parent is ordered to pay child support. Parents are *legally*

*obligated* to support their offspring and failure to adequately provide support can result in criminal charges. R.C. 2919. 21. Supporting one's children is not an option, but a duty.

"Thus, if a trial court exercises the authority to allocate a child dependency deduction to the non-custodial parent, the record must show that the interest of the child has been furthered. (Emphasis in original)."

For example, awarding the dependency exemption to the parent in the higher tax bracket so that the higher-earning parent could pay more child support achieved an overall equitable result. *Id.* at 333.

Therefore, we hold that based on prior case law and R.C. 3113.21(B)(10), the trial court may modify the dependency exemption, just as any other portion of a support order, only after finding a substantial change in circumstances.

In this instance, the trial court made no finding that there had been change in circumstances sufficient to modify the support order. Nor was there a showing that the allocation of the dependency exemptions to James was in the best interest of the children.

The assignment of error is well taken.

### ASSIGNMENT OF ERROR

"II. The trial court erred in failing to find the appellant in contempt of court for failing to pay medical expenses and for his other activities, and in failing to order him to pay a reasonable attorney fee to appellant."

The referee determined that Patricia never presented the actual medical bills to James because she was afraid of him and assumed that he would refuse to pay them. As a result, the referee recommended that James not be held in contempt as the medical bills that he was obligated to pay were never presented to him.

A court has authority to punish the disobedience of its orders with contempt proceedings. *Zakany v. Zakany* (1984), 9 Ohio St. 3d 192, syllabus. In this instance, the consent order, dated September 30, 1986, mandated that James provide medical insurance for the minor children and that he pay one-half of all medical and dental expenses not covered by insurance.

The record reflects that Patricia admitted that she never presented the medical statements to James showing what services were rendered, to whom and on what date; that she only provided her canceled checks to the trial court and not to James; and that she asked for blank insurance forms pre-signed by James, which James refused to provide. James testified that his insurance required him to file the forms and that he was required to attach statements to the medical forms in order to submit a claim to his insurance company. He also testified that without the statements he would not know what claims his insurance would cover. Therefore, we cannot say that the trial court erred in not finding James in contempt or in not awarding attorney fees.

### ASSIGNMENT OF ERROR

"III. The trial court erred in ruling that the appellant should not receive a judgment against the appellee pursuant to the original North Carolina property distribution."

Patricia contends that she received $2,349.77 less than she should have upon the sale of their residence in North Carolina because James failed to make all payments as required under the original North Carolina consent order.

The referee determined that the parties renegotiated their rights concerning the residence in that Patricia received all sale proceeds rather than one-half of the sale proceeds, and that any money due to her should have been included in her receipt of all the proceeds.

Patricia testified that the sales contract was changed so that all the proceeds went to her instead of equally to her and James. She also testified that James was to repair the heating, the plastering and clean the carpet, which were the repairs contemplated in the original divorce decree. James testified that he made these repairs; that they were the only repairs contemplated in the contract; that he also made the mortgage payments as required by the decree until the residence was sold; that Patricia refused to sign the sales contract unless she received all the proceeds; and that he agreed to change the sales contract because he wanted to sell the house.

Based on the record before us, we cannot say that the trial court erred in believing James' testimony rather than Patricia's testimony.

The assignment of error is overruled.

### ASSIGNMENT OF ERROR

"IV. The trial court erred in not modifying the schedule of visitation as requested, in that it focused not upon the best interest of the minor children involved, but upon the problems that the parents were having relative to visitation."

Patricia contends that the trial court erred in not allowing her motion to modify the visitation schedule because the proposal was in the children's best interests and there were no grounds stated for the denial of the motion.

Modification of visitation rights is governed by R.C. 3109.05. The trial court has the broad discretion to make a "just and reasonable order" concerning visitation. *Appleby v. Appleby* (1986), 24 Ohio St. 3d 39, 41.

In this instance, we cannot say that the trial court erred in denying Patricia's motion when she failed to present sufficient evidence as to why the modification would be in the children's best interest.

The assignment of error is overruled.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed and*
*cause remanded.*

REECE, P.J., and CIRIGLIANO, J., concur.