## Johnson v. Johnson
*[Cite as 6 AOA 275]*

*Case No. 14544*
*Summit County, (9th)*
*Decided August 22, 1990*

*Robert M. Thomson, Attorney at Law, 423 Society Bldg., Akron, Ohio 44308, for Plaintiff.*

*Don E. Lombardi, Attorney at Law, 2717 Manchester Rd., Akron, Ohio 44319, for Defendant.*

REECE, P.J.

Appellant, Karyn L. Johnson (Barto) and appellee, Ralph J. Johnson were divorced in 1986. Karyn was granted custody of the three minor children. Since 1986, the oldest child has graduated from high school, and the two remaining minor children reside with Ralph by an agreed custody change. Pursuant to an order of April 17, 1989, Karyn was to pay $58.84 per week in child support.

Karyn has been admitted to a nursing program at St. Thomas School of Nursing which requires her to attend full time for approximately two years. Karyn filed a motion to suspend child support for the duration of the program because she cannot maintain outside employment.

The referee determined that voluntary termination of employment does not meet the standard for modification, and that it was not proper to suspend the child support. Karyn filed objections to the referee's report. The trial court adopted the referee's report. Karyn appeals.

Assignments of Error

"I. The lower court erred in its interpretation and application of the case of *Boltz v. Boltz* 31 Ohio App. 3d 214 (1986) to the factual and legal circumstances of the within matter.

"II. It was an abuse of discretion for the lower court to fail to consider the factors set forth in O.R.C. Section 3109.05(A) in ruling on a request for modification of child support."

Because these assignments of error are interrelated, they will be discussed together.

In order to modify an existing award of child support, the court must first determine whether there has been a change in circumstances to warrant such modification. *Boltz v. Boltz* (1986), 31 Ohio App. 3d 214, 215. Once a change in circumstances has been established, the court must determine an amount reasonable and necessary for support, considering the factors set forth in R.C. 3109.05. *Heffner v. Heffner* (December 14, 1988), Summit App. Nos. 13623, 13624, and 13625, unreported. The domestic relations court has clear authority to apportion the burden of child support as it shall deem best, within the scope and discretion allowed by R.C. 3109.05. *Lefkovits v. Lefkovits* (Apr. 26, 1989), Summit App. No. 13907, unreported. Abuse of discretion is more than an error of law or judgment; rather, it implies an attitude on the part of the trial judge that is arbitrary, unreasonable, or unconscionable. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61.

The trial court held "that the changed circumstances do not meet the standard for modification, by reason of plaintiff's voluntary action, to terminate support." The referee's report cited *Boltz, supra*, for the proposition that "a voluntary termination of employment *** does not constitute an inability to support." However, in Boltz, this court held that unemployment in some instances may be deemed to constitute a change in circumstances. Id. at 216; *Lansden v. Lansden* (July 11, 1990), Wayne App. No. 2534, unreported. Voluntary termination of employment for good cause constitutes a change in circumstances. *Vollrath v. Dunbar* (Dec. 6, 1989), Summit App. No. 14201, unreported. Therefore, the trial court's interpretation of *Boltz, supra*, is erroneous.

Karyn additionally alleges that the trial court abused its discretion when it failed to consider the factors set forth in R.C. 3109.05(A). Since the trial court did not find that there was a change of circumstances, it never reached the factors set forth in R.C. 3109.05(A). Thus, the trial court never reached the issues in this assignment of error.

Based upon the foregoing, Karyn's first assignment of error is well taken. Karyn's second assignment of error is not well taken. The judgment of the trial court is reversed and this cause is remanded for further proceedings cons is-tent with this opinion and the law.

The Court finds that there were reasonable grounds for this appeal.

REECE, P.J., for the court.
CACIOPPO, J., and CIRIGLIANO, J., concur.