**BAKER, Appellant,**

v.

**GRATHWOHL, Appellee.**

[Cite as *Baker v. Grathwohl* (1994), 97 Ohio App.3d 116.]

Court of Appeals of Ohio,
Butler County.

No. CA94-01-021.

Decided Sept. 26, 1994.

*Garretson, Braun & Cunningham* and *John A. Garretson,* for appellant.

*John F. Holcomb,* Butler County Prosecuting Attorney and *Angela G. McCracken,* for appellee.

WALSH, Judge.

Plaintiff-appellant, Benjamin B. Baker, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, denying his motion to reallocate

parental rights and responsibilities and modify his child support obligation to his minor child.

By entry dated September 9, 1988, appellant was found to be the father of Ashley Nicole Baker, born to defendant-appellee, Shannon L. Murray Grathwohl. Appellant was ordered to pay child support in the amount of $20 per week. At the time the order was established, appellant was a full-time college student.

On November 7, 1991, the child support order was increased to $62 per week due to appellant's substantial increase in earnings upon obtaining full-time employment after graduation from college. On July 16, 1993, appellant filed a motion to reallocate parental rights and responsibilities, requesting that the trial court decrease the amount of its current child support order in light of the fact that he had terminated his employment and enrolled as a full-time student at the University of Toledo School of Law. Appellee, the residential parent, is employed full-time and is pursuing her bachelor's degree on a part-time basis.

After a hearing on the motion, the referee issued her report and recommendation on November 8, 1993. The referee determined that appellant was voluntarily unemployed and, therefore, no change of circumstance existed which would warrant a modification of the current child support obligation of $62 per week. However, the referee recommended that appellant be allowed to pay child support of only $25 per week while in law school, with the balance of the child support order accruing and payable after graduation.

Appellant filed an objection to the referee's report on November 19, 1993. After a hearing on the matter, the trial court overruled appellant's objection and adopted the referee's report as the findings and order of the court on January 7, 1994.

■ On appeal, appellant contends that the trial court abused its discretion in overruling his motion for modification of the child support order and in finding him to be voluntarily unemployed. We disagree.

■ A trial court has considerable discretion in determining whether a child support order should be modified. *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 389, 13 OBR 471, 472, 469 N.E.2d 564, 565–566. In order to justify the modification of an existing child support order, the moving party must demonstrate a substantial change in circumstances rendering unreasonable an order which once was reasonable. *Carson v. Carson* (1989), 62 Ohio App.3d 670, 673, 577 N.E.2d 391, 393.

■ Unemployment, in certain instances, may be determined to constitute a change of circumstances. *Boltz v. Boltz* (1986), 31 Ohio App.3d 214, 216, 31 OBR 484, 485–486, 509 N.E.2d 1274, 1276. It has consistently been held that the duty

to support is tied to the parent's ability or inability to provide such support. *Id.* However, in many cases, a voluntary termination of employment does not constitute an inability to support and therefore does not establish a sufficient change of circumstances to justify modification of an existing child support order. See *Boltz, supra; Haynie v. Haynie* (1984), 19 Ohio App.3d 288, 19 OBR 459, 484 N.E.2d 750; *Smith v. Smith* (C.P.1983), 12 Ohio Misc.2d 22, 12 OBR 495, 467 N.E.2d 913.

In addition, the determination of whether a parent is voluntarily unemployed or underemployed, so that a modification of an existing child support order is not warranted, is a question of fact for the trial court. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222. In this case, the trial court's finding that appellant is voluntarily unemployed is supported by competent, credible evidence.

The record indicates that appellant of his own volition terminated his full-time employment in order to attend law school. Until 1991, appellee had borne most of the financial responsibility for the parties' child while appellant finished his undergraduate degree as a full-time student. During this time, the court allowed appellant to pay a minimum child support order of $20. On the other hand, appellee has had to put her own educational goals behind the needs of her child and, as a result, has only been able to pursue her undergraduate degree on a part-time basis while working full-time.

Additionally, the trial court was not convinced that appellant would not be able to secure employment in the near future, if not during his first year of law school, at least in the summers and during his second and third years of law school. Furthermore, the trial court attempted to accommodate appellant by giving him the option of paying only $25 per week of the total $62 per week support obligation and paying the balance after graduation from law school.

Based upon the foregoing, we believe that the trial court fashioned a reasonable and equitable order and did not abuse its discretion in overruling appellant's motion for modification. Appellant's sole assignment of error is accordingly overruled.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.