DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant/cross-appellee William Pierson appeals the trial court's refusal to consider his Civ.R. 60(B) motion to vacate the spousal support provision of the parties' separation agreement. Plaintiff-appellee/cross-appellant Carol Pierson appeals the modification of child support and denial of attorney's fees. We reverse as to the spousal support issue, but affirm as to the modification of child support and the denial of attorney's fees.
 I.
The parties dissolved their marriage on March 12, 1990. The parties' separation agreement was incorporated into the decree of dissolution. The separation agreement provided that William would pay spousal support until the death or remarriage of Carol. It also provided that William would pay child support for the parties' minor child, Shaun, until Shaun completes four years of college or attains the age of twenty-one, whichever occurs last.
On February 11, 1997, William filed a Civ.R. 60(B) motion to vacate spousal support and a motion to modify child support. William argued that spousal support should be terminated because Carol's health had improved substantially since the dissolution, allowing her to work, and because Carol was earning income from a rental property she had purchased. William argued that child support should be modified to be payable directly to Shaun because Shaun was emancipated and was no longer residing with Carol.
The trial court refused to address William's spousal support motion, concluding that it lacked the jurisdiction to modify spousal support that is provided for in a separation agreement. However, the trial court granted William's motion to modify the child support and ordered that the payments go directly to Shaun. Additionally, Carol filed a motion for attorney fees, which was rejected by the trial court. Both parties appealed.
 II.
William's sole assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING IT COULD NOT MODIFY THE PARTIES (sic) SEPARATION AGREEMENT PERTAINING TO A LIFETIME AWARD OF SPOUSAL SUPPORT.
William argues that the modification clause of the separation agreement reserved for the trial court the jurisdiction to modify the spousal support provision. We agree.
In Colley v. Colley (1989), 43 Ohio St.3d 87, syllabus, the court specifically held that, "a court may retain jurisdiction to modify alimony payments provided for in a separation agreement by parties to a dissolution where the parties have agreed to such continuing jurisdiction and the agreement has been incorporated in a decree of dissolution of marriage." Therefore, if jurisdiction was properly reserved in the separation agreement, the trial court is permitted to modify the spousal support provision.
The modification clause in the separation agreement states: "Except as herein provided, this agreement shall not be modified unless it be done in writing, signed by both parties or by subsequent court order." This separation agreement was incorporated into the final decree of dissolution.
In In re Whitman (1998), 81 Ohio St.3d 239, the court interpreted a modification clause in a dissolution decree that read: "This Agreement shall not be altered, modified, or amended unless it is done so in writing, signed by both parties, or by Court Order." Id. at 244. The court held that, "[t]his reservation of power to the court is clearly broad enough to encompass modifications to any provision of the settlement agreement." Id.
We can find no meaningful distinction between the modification clause at issue in In re Whitman and the modification clause at issue herein. Therefore, jurisdiction over the spousal support provision of the separation agreement was properly reserved.
However, Carol also argues that a Civ.R. 60(B) motion to vacate cannot be used to modify a spousal support agreement. Carol cites Knapp v. Knapp (1986), 24 Ohio St.3d 141, paragraph two of the syllabus, for the proposition that: "The `* * * it is no longer equitable * * *' clause of Civ.R. 60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding." In Knapp, the ex-wife filed a motion seeking to collect a spousal support arrearage. The ex-husband responded by filing a Civ.R. 60(B) motion requesting a retrospective modification of the spousal support portion of the separation agreement in order to eliminate the arrearage. TheKnapp court held that Civ.R. 60(B) could not be used in that manner. Id. at 146.
Carol argues that, as in Knapp, William should not be permitted to use Civ.R. 60(B) to attack the separation agreement. However, Knapp is distinguishable from this case.
First and foremost, in Knapp, it was specifically noted that the trial court failed to reserve jurisdiction. Id. at 142. As noted above, in this case, the trial court has properly reserved jurisdiction. Therefore, the use of Civ.R. 60(B) was unnecessary. Because the trial court properly reserved jurisdiction, an unadorned motion to modify would have been sufficient to invoke the trial court's jurisdiction and put this issue before the court. See Colley, supra.
Second, in Knapp, the ex-husband sought a retrospective
modification of the dissolution agreement. In this case, William merely seeks to have the spousal support provisions prospectively
modified to reflect the parties' changed circumstances. Knapp
clearly permits the prospective application of Civ.R. 60(B): "The `* * * it is no longer equitable * * *' clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Id. at paragraph one of the syllabus. Additionally, the staff notes to Civ.R. 60(B) permit the prospective application of Civ.R. 60(B)(4):
 The fourth provision would most likely operate to afford relief from the operation of a prospectively operating judgment such as an injunction. Thus an injunction may restrain a person and his heirs and assigns from violating a neighborhood restrictive covenant. After a time lapse and after a radical change in the character of the neighborhood, a person bound by the judgment might seek to have the operation of the judgment set aside as to him.
In this case, William complains that Carol's health has improved substantially since the time of the separation agreement, thereby allowing her to work, and that she has been earning income from a rental property she purchased. These are changed circumstances that William could not be expected to foresee or control which may support a prospective modification of the spousal support provision of the separation agreement under Civ.R. 60(B).
William's assignment of error is well-taken. The trial court properly reserved jurisdiction over the spousal support provision of the separation agreement and William's Civ.R. 60(B) motion was an acceptable method for raising the modification issue.
 III. A.
Carol's first cross-assignment of error states:
 THE TRIAL COURT ERRED IN MODIFYING THE CHILD SUPPORT PROVISION CONTAINED IN THE DISSOLUTION OF MARRIAGE DECREE.
Carol argues that the child is not a party to the dissolution proceedings and that there is no authority for paying child support directly to the child when the obligee is still alive. However, Carol offers no authority for the proposition that the recipient of child support payments must be a party to the dissolution proceedings. Nor does she offer any authority for the proposition that a court is prohibited from ordering that child support payments be made directly to an emancipated, adult child.
Quite to the contrary, Flynn v. Flynn (1984), 15 Ohio App.3d 34, supports the conclusion that the right to receive support payments is dependent on actual physical custody of the child. InFlynn, the mother was granted custody of the child, but the parties agreed that the child would reside temporarily with the father while the mother obtained suitable housing. While the child resided with the father, the father refused to make support payments to the mother. The mother attempted to collect these payments and the Flynn court held:
 [Father] was not obligated to make such payments to his former wife, the noncustodial parent, while he had custody of their child, since [father] was in fact directly supporting the child during such time. Nevertheless, once [mother] regained physical custody of the child, [father] was responsible to make the necessary support payments * * *.
Id. at 36.
In this case, Shaun is over twenty years old, has his own separate residence, and is attending college. Furthermore, Carol admits that she does not have physical custody of Shaun and that she no longer supports Shaun. "A trial court has considerable discretion in determining whether a child support order should be modified." Baker v. Grathwohl (1994), 97 Ohio App.3d 116,118. Under these circumstances, we cannot say that the trial court abused its discretion.
Carol's first cross-assignment of error is overruled.
 B.
Additionally, the separation agreement requires William to pay half of Shaun's college expenses. In the order on appeal, the trial court noted that the support payments being paid directly to Shaun should offset some of Shaun's college expenses. However, both parties agree that the payment of child support directly to Shaun does not affect William's obligation under the original decree to pay for college expenses.
 C.
Carol's second cross-assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD APPELLEE/CROSS-APPELLANT HER ATTORNEY FEES.
Carol argues that her attorney fees were caused by William's "spurious" attempt to modify spousal support. Carol claims that "there was statutory and case law which clearly indicated that the motion would not be successful." However, our disposition of William's assignment of error, clearly indicates that the motion was not "spurious." An award of attorney fees is within the discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356,359. The trial court did not abuse its discretion in failing to award Carol attorney's fees. Carol's second assignment of error is overruled.
 IV.
William's sole assignment of error is well-taken. The matter is remanded to the trial court to address the spousal support issues. Carol's assignments of error are both overruled.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
BAIRD, J.
DICKINSON, J., CONCUR