The Defendant-Appellant, Beth Phyillaier, n.k.a. Beth Zerkle ("Appellant"), appeals from a judgment of the Shelby County Court of Common Pleas, Domestic Relations Division, which affirmed a magistrate's decision and order reducing the amount of child support owed by the Appellant's former spouse, Ronald J. Phyillaier ("Appellee"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. The parties were divorced in November of 1993, and the Appellant was granted sole and rightful custody of the couple's three children. Pursuant to the divorce decree, the Appellee was ordered to pay child support in the amount of $57.00 per week, per child. On July 18, 1994, the Appellee's child support obligation was reduced to $53 per week, per child.
On April 23, 1998, the Appellee filed a motion for a reduction of child support on the basis that he was earning significantly less income than he had been producing at the time of the original support order. Shortly thereafter, the Appellant filed a motion for contempt alleging that the Appellee had failed to pay his support obligation.
On June 9, 1998, a hearing was held on the matter. On June 16, 1998, the magistrate assigned to the case granted the Appellee's motion for a reduction of child support. The court also found the Appellee in contempt for failing to pay his support obligation. Thereafter, the Appellant filed her objections to the magistrate's decision and order. On July 22, 1998, the Appellee's objections to the magistrate's decision and order were overruled.
Appellant now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in finding that the appellant, Ronald J. Phyillaier, was "not underemployed" and by failing to impute the income to Mr. Phyillaier that he was earning at his previous employment of over 16 years, including overtime and lost real estate sales, when he voluntarily quit said employments and took several other lower paying positions for other companies.
In her sole assignment of error, the Appellant proposes that the trial court erred in finding that the Appellee was not "voluntarily underemployed" for the purpose of addressing his motion for a modification of child support. For the following reasons, we do not agree.
We first note that when requesting the modification of an existing child support order, the moving party must demonstrate a substantial change in circumstances rendering unreasonable an order which once was reasonable. Baker v. Grathwohl (1994),97 Ohio App.3d 116, 118; see, also, R.C. 3113.215(B)(4). A "substantial change of circumstances" is demonstrated if the new calculation of child support using the formula provided by R.C.3113.215(E) and (F) deviates from the existing order by at least ten percent. Cole v. Cole (1990), 70 Ohio App.3d 188; see, also, R.C. 3113.215(B)(4). By itself, this ten percent or greater deviation is sufficient to justify a modification of the prior child support order as long as the deviation was not contemplated by the trial court at the time the prior child support order was made. Baire v. Baire (1995), 102 Ohio App.3d 50, 54-55.
In calculating the amount of the obligation, the trial court is required to take into account the "potential income" of a parent who is unemployed or underemployed. See R.C.3113.215(A)(1)(b) and (B)(1). R.C. 3113.215(5)(a) defines potential income as follows:
 (5) `Potential income' means both of the following for a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed:
 (a) Imputed income that the court * * * determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides [.]
Whether a parent is voluntarily underemployed is a question of fact to be determined by the trial court based upon the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108,112. The determination will not be disturbed on appeal absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87.
We are also mindful that a parent's subjective motivations for being voluntarily underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her child support obligation. Rock,67 Ohio St.3d at 111. Further, a parent who claims that his or her former spouse is underemployed has the burden of proof on that issue. See, e.g., Kelly-Doley v. Doley (Mar. 12, 1999), Lake App. No. 96-L-217, unreported. If evidence of underemployment is established, the burden shifts to the underemployed spouse to show otherwise. Id.
Thus, pursuant to the foregoing, the trial court employs a two-step process in imputing income to a party. The trial court must first determine whether the party is voluntarily underemployed. If the court finds that the party is voluntarily underemployed, it imputes income to the party based upon R.C.3113.215(5)(a) and the facts and circumstances of the case.
In the case before us today, the magistrate as well as the trial court found that the Appellee was not voluntarily underemployed. For the following reasons, we conclude that such a finding was not unreasonable and, therefore, did not constitute an abuse of discretion.
The evidence before this Court is as follows: The Appellee had been employed with the Stolle Corporation for sixteen years. In late February of 1997, for a variety of reasons, the Appellee voluntarily terminated his employment with the company. At the time of his voluntary termination, the Appellee was earning $11.65 per hour.
Shortly after leaving the Stolle Corporation, the Appellee accepted a full-time position as a warehouse manager with Goffena Furniture, Inc. ("Goffena"). The Appellee testified at the hearing that Goffena had offered him $11.00 an hour, plus full benefits. The Appellee also testified that upon completing a six month probationary period his hourly wage would increase to $11.75. The Appellee testified at the hearing that he was working approximately forty-five to fifty hours a week at Goffena.
Approximately four months after he had begun his employment with the company, the Appellee's work hours were reduced to less than twenty hours per week. Further, the Appellee did not receive a wage increase as promised by the company. Therefore, he voluntarily terminated his employment with the company.
The Appellee then began working as a full-time salesman for Trans World Systems, Inc. ("Trans World"), a collection agency. According to the Appellee, he was paid on a commission basis, and his net take home pay had decreased significantly. In March of 1998, the Appellee voluntarily terminated his employment with Trans World.
The Appellee then accepted a full-time position as a warehouse supervisor with Central Tractor Farm and Country ("Farm and Country"). According to the Appellee, he was earning $8.50 per hour, plus benefits. At the time of the hearing on June 9, 1998, the Appellee was still employed with Farm and Country.[1]
The record before this Court establishes that since leaving the Stolle Corporation in February of 1997 the Appellee has held several positions commensurate with his previous employment and experience, and has consistently sought full-time employment. Thus, the totality of the evidence indicates to this Court that the Appellee has been employed to his full capacity and has not been voluntarily underemployed.
Based upon the foregoing, we find that the trial court did not abuse its discretion in finding that the Appellee was not underemployed. Consequently, the trial court did not err or abuse its discretion in modifying the Appellee's child support order.
The Appellant further maintains in her assignment of error that the trial court erred in admitting into evidence the affidavit of Matthew J. Goffena, owner of Goffena Furniture. The affidavit sets forth that the Appellee would earn $11.75 per hour upon completion of the six month probationary period. Although the letter was hearsay and should have been rendered inadmissible by the trial judge, we cannot say that the admission of the document was so prejudicial as to constitute reversible error. Thus, the Appellant's claim is not well-taken.
The Appellant also maintains that, in determining the Appellee's modified child support obligation, the trial court erred in finding that she had worked, on average, thirty-two hours per week in 1998. Specifically, the Appellant maintains that she had worked, on average, thirty-one hours per week in 1998. Upon a review of the record, we find that the court was well within its discretion in calculating the support order. Thus, we find no merit to the Appellant's claim.
For all of the foregoing reasons, Appellant's assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] We note, however, that the Appellee is no longer employed with the company.