JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Andre Thompson, appeals from the judgment of the Common Pleas Court, Juvenile Division, overruling his objections to the magistrate's decision, which denied his first motion to modify child support, and denying his second motion to modify child support. We reverse and remand.
 {¶ 2} The record reflects that on July 8, 2004, the Cuyahoga Support Enforcement Agency ("CSEA") ordered Thompson to pay defendant-appellee, Melinda Gonzalez, $261.97 per month for support of the parties' minor child, Neela Gonzalez. Thompson subsequently filed a pro se objection to the CSEA order and application to determine support pursuant to R.C. 2151.23(B)(4).
 {¶ 3} A hearing on Thompson's application was continued several times because Gonzalez had moved and had not yet been served. On May 16, 2005, the court entered an order for certified mail service of a complaint and summons on Gonzalez. On May 19, 2005, the court entered an order setting a hearing on the merits of Thompson's application for July 28, 2005.
 {¶ 4} On August 5, 2005, the trial court entered an order noting that Thompson did not appear at the hearing on July 28, 2005, and dismissing his objection with prejudice.[1] In addition, the court granted Gonzalez leave to file a motion seeking past due child support; she filed said motion on July 28, 2005.
 {¶ 5} The trial court subsequently entered an order finding that Gonzalez's motion was, in effect, a complaint for past due support. It ordered that a summons and complaint be served on CSEA and Thompson and set a hearing for November 30, 2005. The court also appointed counsel for Thompson.
 {¶ 6} The record reflects that all parties were present at the hearing on November 30, 2005. The magistrate's decision, which was subsequently adopted by the trial court, found that, by agreement, Thompson owed Gonzalez $4,500 in past care. The trial court ordered Thompson to pay, in addition to current child support, $25 per month for 12 months and $75 per month thereafter in past due support.
 {¶ 7} On February 7, 2006, Thompson filed a pro se motion to modify child support in which he stated, "[t]he findings of my income were incorrect. I ask the court to modify (reduce) the current support order and back date to date issued." The trial court subsequently adopted the magistrate's decision denying this motion, finding that Thompson had failed to state a sufficient claim upon which relief could be granted because he did not reference what order he was referring to in his motion, did not support his motion by affidavit, and there were no instructions for service attached to the motion.
 {¶ 8} On March 21, 2006, Thompson, represented by counsel, filed objections to the magistrate's decision denying his motion to modify child support, a request for findings of fact and conclusions of law, and another motion to modify support. Thompson's affidavit, which was attached to this motion, averred that he had been unemployed since March 2005. On March 21, 2006, Thompson filed instructions for service of his "Objections to Magistrate's decision, etc." on Gonzalez, requesting that the trial court serve her by certified mail. The return of service was filed on April 3, 2006, indicating that Gonzalez was served on March 31, 2006.
 {¶ 9} On April 13, 2006, the trial court denied Thompson's objections to the magistrate's decision without a hearing, finding:
 {¶ 10} "That the Objections have no certificate of service and do not comply with Civil Rule 5; therefore the opposing side has no idea that these Objections have been filed in order to make a response, if any.
 {¶ 11} "The Request for Findings of Fact and Conclusions of law (the et al) is entirely misplaced. There was no trial on February 28, 2006, when the Magistrate's decision was issued.
 {¶ 12} "The original and only Motion to Modify Child Support (according to the Juvenile Information Management System) filed by the Obligor, pro se on February 7, 2006, simply failed to state any sufficient claims upon which this Court may grant relief, in other words, facts sufficient to warrant a modification of child support as defined under Sec. 3119.79 ORC.
 {¶ 13} "There was no affidavit attached to the original Motion reciting any facts that created a substantial change of circumstances.
 {¶ 14} "Counsel for the Obligor has dove tailed another Motion to Modify Child Support to the Objections with an affidavit from the Obligor. It is noted there are no instructions for service of this `after thought' Motion and affidavit." (Emphasis in original.)
 {¶ 15} Thompson now appeals from this judgment, assigning two errors for our review.
 {¶ 16} In his first assignment of error, Thompson argues that the trial court erred in overruling his objections on the basis that they were not served on Gonzalez. We agree. The record reflects that Gonzalez was served by certified mail on March 31, 2006 and the return of service was filed with the court on April 3, 2006, ten days before the court entered its order denying the objections.
 {¶ 17} Thompson does not address the trial court's other reasons for overruling his objections to the magistrate's decision, however. In its order, the trial court noted that it was overruling Thompson's objections to the magistrate's order denying his first motion to modify child support because the motion to modify child support did not specify what child support order he wanted to modify, was not supported by an affidavit setting forth facts sufficient to demonstrate a change in circumstances, and did not contain a request for service of the motion. When requesting the modification of an existing child support order, the moving party must demonstrate a substantial change in circumstances rendering unreasonable an order which once was reasonable. Baker v. Grathwohl (1994),97 Ohio App.3d 116, 118. Thompson's bare assertion that "the findings of my income were incorrect" is clearly insufficient to demonstrate a substantial change in circumstances. Because Thompson did not meet his burden, the trial court did not err in denying his first motion to modify child support, and consequently, did not err in overruling his objections to the magistrate's decision.
 {¶ 18} Appellant's first assignment of error is sustained in part and overruled in part.
 {¶ 19} In his second assignment of error, Thompson contends that the trial court erred in overruling his second motion to modify child support, which was filed with his objections to the magistrate's decision. Thompson contends that the affidavit attached to the motion set forth sufficient facts to demonstrate a change of circumstances warranting modification of the child support order.
 {¶ 20} Trial courts are given broad discretion in determining whether to modify child support orders; thus, a trial court's decision regarding a motion to modify a child support order will not be overturned absent an abuse of discretion. Pauly v.Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, citing Booth v.Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} In the affidavit attached to his motion, Thompson averred that he had been unemployed since March 2005. Unemployment may constitute a change of circumstances; however, voluntary unemployment does not establish a sufficient change in circumstances to justify modification of an existing child support order. Fasano v. Fasano (May 6, 1999), Cuyahoga App. No. 74040, citing Baker, supra. The determination of whether a parent is voluntarily unemployed or underemployed is a question of fact for the trial court. Id., citing Rock v. Cabral (1993),67 Ohio St.3d 108, 112. Here, the trial court abused its discretion in denying Thompson's motion without a hearing to determine whether he was voluntarily unemployed.
 {¶ 22} Moreover, the trial court did not complete a child-support worksheet as required by R.C. 3119.79(A) before denying Thompson's motion to modify child support. In order to determine whether a change of circumstances has occurred, the trial court must complete a new child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. R.C. 3119.79(A); Fields v.Fields, Medina App. No. 04CA0018-M, 2005-Ohio-471, at ¶ 21;Baker v. Mague, Cuyahoga App. No. 82792, 2004-Ohio-1259. A change of circumstances is found if the recalculated amount is more than ten percent less or greater than the amount previously required as child support. R.C. 3119.79(A). "The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order." Farmer v. Farmer, 9th Dist. No. 03CA0115-M,2004-Ohio-4449, at ¶ 10.
 {¶ 23} Because the court did not complete a new child support worksheet to determine whether there was a change in circumstances, it abused its discretion in denying the motion.
 {¶ 24} Appellant's second assignment of error is sustained.
 {¶ 25} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Corrigan, J., Concur.
[1] Civ.R. 41(B) provides that where the plaintiff fails to prosecute, a court may dismiss an action or claim only after notice to plaintiff's counsel. The Ohio Supreme Court has held that "the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice. * * * A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 101. The record contains no prior notice to Thompson of the court's intention to dismiss his claim with prejudice.